## CIRCUIT COURT OF FAIRFAX COUNTY

James S. Forcum, Guardian
of Hazel Frances Porch

    v.

The Honorable Quinlan H. Hancock
and James E. Hoofnagle

August 22, 1988

Case No. (Law) 81361

By JUDGE JOHN A. JAMISON

I recently received the results of careful, in-depth research on the questions presented in the above matter from Mr. Kenneth Montero, Director of the Court Legal Research Assistance Project. This Project is an administrative arm of the Supreme Court of Virginia and exists for the purpose of performing research for trial judges. Since most of us have no clerks, when we are confronted with the necessity for having important research done, we may call upon the Project. A copy of Mr. Montero's covering letter and his Memorandum concerning this research are enclosed.

The research, which has been quite helpful, attempts to cover all points but, of course, draws no final conclusion nor does it attempt to advise the trial court how the case should be decided. My decision is therefore my own.

It is the conclusion of this Court that both Demurrers, that on behalf of Quinlan H. Hancock, Judge, and of James

E. Hoofnagle, former Clerk, should be sustained. My reasons are as follows.

The statute (Section 31-6 of the Code of Virginia of 1950, as amended) on which the plaintiff relies is the only one in the Code that I can find which fixes personal liability for damages upon a Judge in his duties concerning administration of estates or qualification of personal representatives or other fiduciaries. The statute requires that every guardian (formerly called "committee") shall give bond with good security, to be approved by the judge or clerk in such penalty as shall be prescribed by the court or such clerk. "If any court or judge or such clerk *omit* to require such a bond, the judge or clerk so in default shall be liable to the ward for any damages he may sustain thereby." (Emphasis added).

The foregoing pertinent language of the Code Section in question is clear that if such judge or clerk *omit* to require such bond, liability attaches. Here there was no *omission* by either the clerk or the judge to require a bond upon the qualification of the guardian. In fact, a bond in the penalty of $50,000.00 was required of Richard A. Porch, at the time of his qualification with USF&G as surety. There was certainly no omission on the part of Mr. Hoofnagle, the then Clerk, on May 1, 1981, the date of the appointment of Mr. Porch.

On or about September 1, 1981, Porch filed an inventory showing a worth of just over $31,000.00, a figure still considerably under the bond coverage.

Section 31-6 contemplates the giving of bond only upon qualification and is the only authority found for fixing liability for omitting such bond. Further, since the statute is silent regarding any penalty against the judge or clerk with respect to the *sale* of a ward's property, I can find no statutory authority for fixing a penalty for failure of either the clerk or the Judge to invoke any additional bond, or for failing to increase the original bond prior to such sale of real or personal property of the ward. Section 31-6 clearly refers to the requirement of a bond upon qualification only, and such bond was required and posted well within the appraised value of the inventory. As argued by counsel for the defendant, Hancock, the statute does not impose a duty to set a bond at any time other than upon the appointment of the guardian.

The fixing of a *"sufficient"* bond which appears to be the thrust of the plaintiff's complaint is not regarded by the statute as giving rise to a suit for damages against either the clerk or the judge.

It is well settled at common law, as well as in the statutory and case law of Virginia, that a judge or clerk is not liable for the misuse of his discretion. That being true, the time-honored doctrine of sovereign immunity of such state officers then prevails. There could be no question but that the appropriate amount of bond to be fixed is a matter of discretion of the judge who ordered the judicial sale. There are no allegations of bad faith or willful prejudice here. Regardless of mistaken judgment in not requiring any additional bond than that previously posted by the petitioner, such judgment was judicial in nature and discretionary, as distinguished from a mere ministerial act, "that is one demanding no special discretion, judgment, or skill." See *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 78-80 (1983).

The case of *Harlow v. Clatterbuck*, 230 Va. 490, 339 S.E.2d 181 (1986), reaffirms the principle of judicial immunity in the exercise of a judge of his discretionary functions. Indeed, it appears from the order authorizing the sale of the real property, entered by the defendant Judge Hancock, that he reflects his exercise of discretion in stating "it appearing to the court that the contract of sale reflects a fair price." This tends to show that the judge was exercising his discretion throughout the proceeding in his consideration of the propriety of the sale.

Such an important judicial function which certainly required consideration of the protection of the ward cannot be looked upon as merely ministerial. On the contrary, it is the exercise of an important judicial discretion and comes clearly within the Judge's immunity from liability for damages even for exercising mistaken judgment or discretion.

With respect to the defendant, Hoofnagle, the court must agree with a portion of Paragraph 6 of that defendant's Demurrer that, "The plaintiff alleges no facts which suggest any participation on the part of the defendant, James Hoofnagle, in the appointing of Richard Porch as Committee and alleges no facts which suggest personal participation

of the defendant, Hoofnagle, in approving or permitting the sale of the real property."

The latter certainly did have a responsibility for fixing bond when Porch qualified as Committee before him, and he adhered to that duty by requiring an appropriate bond. This Court can see no liability on the part of Hoofnagle which Code Section 31-6 contemplates. Accordingly, the Demurrer of the defendant, James E. Hoofnagle, will be sustained and an order will be entered dismissing with prejudice that portion of this action against him.

Regarding the defendant, Hancock, the Court having concluded upon careful examination of the pleadings and memoranda on his behalf, and upon researching the question in depth, that defendant, Hancock, though unfortunately in error as it turned out, also engaged in the exercise of a discretionary function as a state judicial officer when he did not increase the bond coverage prior to entering the order of sale. More importantly, since he was functioning throughout the proceeding as a judicial officer, he is entitled to the protection of sovereign immunity. Likewise, therefore, the Demurrer filed on his behalf will be sustained and plaintiff's motion for judgment against Judge Hancock will also be dismissed.